09-CV-00915-CMP

FILED _____ ENTERED
LODGED _____ RECEIVED

JUL 2 2009   DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEN RAY CLARK AND JOSH ASSING, )
) No. CV9 915C
Plaintiffs, )
)
v. ) NOTICE OF REMOVAL OF CIVIL
) ACTION TO FEDERAL COURT
PAYLESS SHOESOURCE, INC. AND )
COLLECTIVE BRANDS, INC., )
)
Defendants. )
_____)

TO: The Honorable Judges of the United States District Court for the Western District of Washington at Seattle

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendants Payless ShoeSource, Inc. and Collective Brands, Inc. ("Defendants") hereby remove the above-captioned action from the Superior Court of Washington for King County to this Court on the grounds of diversity of citizenship. The following statement is submitted in accordance with 28 U.S.C. § 1446:

I. BACKGROUND

1. Payless ShoeSource, Inc. ("Payless ShoeSource") is a Missouri corporation doing business in the State of Washington.

2. Collective Brands, Inc. ("Collective Brands") is a Delaware corporation doing business in the State of Washington.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT - 1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

706715.0007/1728943.1

3. Plaintiff Ken Ray Clark ("Clark") is a resident of Kent, Washington.

4. Plaintiff Josh Assing ("Assing") is a resident of Anderson Island, Washington.

5. Plaintiffs Clark and Assing ("Plaintiffs") commenced this action individually and as class representatives of a class of similarly situated individuals against Payless ShoeSource and Collective Brands in the Superior Court of Washington for King County (now pending as Case No. 09-2-21496-4 SEA). Plaintiffs' Complaint for Damages, Injunctive and Declaratory Relief was filed on June 2, 2009.

6. Plaintiffs' Complaint purports to assert claims against Defendants for violations of 47 U.S.C. §227(b)(1)(B), RCW 80.36.400, and the Washington Consumer Protection Act ("CPA"), RCW 19.86 et seq. Plaintiffs allege two separate classes each of which exceeds 1,000 members. A true and correct copy of the Summons and Complaint is attached to the Declaration of Grant S. Degginger as Exhibit A.

7. Defendants' registered agent, CT Corporation, was served with the Summons and Complaint on June 5, 2009, and the proof of service is attached to the Degginger Declaration as Exhibit B.

II. STATUTORY REQUIREMENTS—CLASS ACTION FAIRNESS ACT

8. In 2005, Congress enacted the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA"), in response to a concern that, "[o]ver the last decade, there have been abuses of the class action device that have … harmed class members with legitimate claims and defendants that have acted responsibly … and undermined public respect for our judicial system." Pub.L. 109-2, § 2(a)(2). Congress recognized that these abuses "undermine the National judicial system, the free flow of interstate commerce, and the concept of diversity jurisdiction as intended by the framers of the United States Constitution, in that State and local courts are keeping cases of national importance out of Federal court; [and] sometimes acting in ways that demonstrate bias against out-of-state defendants; …" *Id.*, §2(a)(4).

NOTICE OF REMOVAL OF CIVIL ACTIONTO FEDEARL COURT - 2

9. CAFA was intended to help correct these abuses by "restor[ing] the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction." Pub.L. 109-2, § 2(b)(2). Accordingly, under CAFA, district courts "shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant … ." For purposes of determining whether the amount in controversy requirement is met, "claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6).

10. Although Defendants deny that Plaintiffs will ever be able to satisfy the standards for class certification, the King County action satisfies CAFA's jurisdictional requirements. The King County action satisfies the minimum diversity required by CAFA. Plaintiffs, upon information and belief, are citizens of Washington. By contrast, Payless ShoeSource and Collective Brands are citizens of Kansas and Delaware, respectively. Accordingly, at least one member of the proposed class is a citizen of a state different than Defendants.

11. Plaintiffs' Complaint does not allege a total aggregate sum or value for all claims asserted by Plaintiffs on behalf of itself and all putative class members. However, based on the allegations of the Complaint, including the specific claims asserted by Plaintiffs, Defendants have a good-faith belief that the matter in controversy could exceed the sum or value of $5,000,000, and thus satisfies 28 U.S.C. § 1332(d)(2). Defendants' belief is based on the following:

    a. Plaintiffs' proposed class presumably covers a class period commensurate with the statute of limitations and alleges upon information and belief that the Class exceeds 1,000. *See* Complaint at ¶4.3.

NOTICE OF REMOVAL OF CIVIL ACTIONTO FEDEARL COURT - 3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

706715.0007/1728943.1

1        b.    Plaintiffs contend that Defendants' alleged violations of the CPA caused Plaintiffs and all other similarly situated in the putative class "incidental statutory damages of $500 per message" that should be trebled, along with costs of suit and attorneys fees. Complaint, ¶ 3.16; V.C.

      c.    Under Washington law, if Plaintiffs were to prevail, the CPA permits an award of treble damages of up to $10,000 to Plaintiffs, as well as all represented class members who suffered actual damages. *See Smith v. Behr Process Corp.*, 113 Wn. App. 306, 345-46, 54 P.3d 665 (2002).

      d.    While Defendants vehemently deny that it violated the CPA, and specifically deny the claims made by Plaintiffs will satisfy the requirements of Rule 23 or that any putative class member is entitled to recover monetary or statutory damages in any amount, based on Plaintiffs' allegation that each class has "more than one thousand" class members, Defendants have a good-faith basis to believe that the amount in controversy may exceed CAFA's $5,000,000 requirement. *See Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008) ("Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met.").

### III. NO CAFA EXCEPTIONS APPLY

12.    Although Defendants deny that it is their burden to show that CAFA's exceptions to jurisdiction apply, none do. As discussed above, Plaintiffs are residents of Washington but Defendants are not Washington residents. Plaintiffs have not limited class membership to Washington residents. Based on the Plaintiffs' Complaint, Defendants have a good faith belief that the exceptions set forth in 28 U.S.C. § 1332(d)(3) do not apply.

13.    Next, the "home-state" exceptions set forth in 28 U.S.C. § 1332(d)(4)(A) & (B) do not apply. Section 1332(d)(4)(A) applies where two-thirds of the members of the proposed class share citizenship with at least one defendant (a) "from whom significant relief

NOTICE OF REMOVAL OF CIVIL ACTIONTO FEDEARL COURT - 4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

706715.0007/1728943.1

is sought," (b) "whose alleged conduct forms a significant basis for the claims asserted by the plaintiff class," and (c) "who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A). Likewise, Section 1332(d)(4)(B) applies where two-thirds of the members of the proposed class and all the "primary defendants" are citizens of the forum state. 28 U.S.C. § 1332(d)(4)(B).

## IV.  PROCEDURAL REQUIREMENTS

14. This Notice of Removal is timely filed within thirty (30) days from the date on which the Summons and Complaint was served and removable pursuant to 28 U.S.C. § 1446(b).

15. This Court is the United States District Court for the district and division within which Plaintiffs' action, King County Superior Court Cause No. 09-2-21496-4 SEA is pending. *See* 28 U.S.C. § 1441(a).

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a). The claims asserted in the Complaint arose in this district, and defendant does business in this district.

Therefore, Defendants give notice that Cause No. 09-2-21496-4 SEA, now pending against it in the Superior Court of Washington for King County, has been removed to this Court.

DATED this 2nd day of July, 2009.

LANE POWELL PC

By _____
Grant S. Degginger, WSBA No. 15261
Barbara J. Duffy, WSBA No. 18885
Attorneys for Payless ShoeSource, Inc. and
Collective Brands, Inc.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDEARL COURT - 5

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

706715.0007/1728943.1