THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEN RAY CLARK and JOSH ASSING,<br><br>Plaintiffs,<br><br>v.<br><br>PAYLESS SHOESOURCE, INC., COLLECTIVE BRANDS, INC., and SMARTREPLY, INC.,<br><br>Defendants. | CASE NO. C09-0915-JCC<br><br>FINAL ORDER AND JUDGMENT |

This matter comes before the Court on the Plaintiffs' motion for final approval of the Settlement Agreement attached to the Declaration of Rob Williamson, filed in support of Plaintiffs' motion for preliminary approval (Dkt. No. 53), and entry of a final order and judgment concluding this action. Having considered the arguments of the parties, the papers submitted in support thereof, and the relevant record, the Court hereby ORDERS as follows:

1. Except as specifically noted below, the Court for purposes of this Order adopts the definitions set forth in the Settlement Agreement.

2. The Class means:

> All persons in the State of Washington who received a prerecorded telephone message that SmartReply transmitted or caused to be transmitted for or on behalf of Payless during the period of time June 2, 2005 through and including the Date of Settlement.

3. Class Members means all persons who fall within the definition of the Class and who have not timely and properly requested exclusion. A list of those persons who have timely and properly requested exclusion from the Class is appended to this Final Order and Judgment as Attachment 1.

4. This Court has jurisdiction over the subject matter of this Action and over all parties to the Settlement Agreement, including all Class Members.

5. The notices to the Class given pursuant to the Court's preliminary order of approval, dated January 24, 2012 (Dkt. No. 56) constituted the best notice practicable under the circumstances to all potential members of the Class, and fully complied with Federal Rule of Civil Procedure 23(e)(1)(B).

6. The settlement set forth in the Settlement Agreement is now hereby approved as fair, reasonable, and adequate to all parties and Class Members, pursuant to Federal Rule of Civil Procedure 23(e)(1).

7. All Class Members (1) are bound by this Order, (2) are forever barred from instituting, maintaining, or prosecuting any claim, demand, action or cause of action of any nature, whether known or unknown, suspected or unsuspected, which they may have or ever have had against Defendants (as defined in the Settlement Agreement) arising directly or indirectly out of the facts alleged or the claims raised in this Action, including the transmission or distribution of telephone messages by means of an automatic dialing and announcing device during the period of June 2, 2005, through the date of Settlement, including but not limited to claims under RCW 80.36.400, the Telephone Consumer Protection Act of 1991, the Washington Consumer Protection Act and/or similar state and federal statutes, laws, rules, and regulations, and (3) have released and discharged Defendants from any and all liability with respect to such claims, including but not limited to claims for attorneys' fees, costs, and expenses.

8. The parties stipulate to the following injunctive relief, and the Court hereby orders that Defendant is enjoined from using one or more automatic dialing and announcing

devices to deliver unsolicited prerecorded messages to any person in the State of Washington for the purpose of encouraging that person to purchase property, goods, or services in violation of Washington state law. In the event that RCW 80.36.400 is amended in the future to allow use of automatic dialing and announcing devices to deliver unsolicited prerecorded messages, then this injunction shall be null and void and of no further effect.

9. Neither the Settlement Agreement, nor any of its terms or provisions, nor any document executed pursuant to it, nor any other act taken to negotiate or carry it out, shall be construed as or raise any presumption or inference of a concession or admission, or a waiver of any right, claim, or defense of any party to it or any Class Member, except insofar as such rights, claims, or defenses are expressly released or discharged by this Order.

10. Neither the Settlement Agreement, nor any of its terms or provisions, nor any document executed pursuant to it, nor any other act taken to negotiate it or carry it out shall be referred to, offered as evidence, or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, except in any proceeding to enforce the terms of the Settlement Agreement.

11. The Court reserves jurisdiction over the parties to the settlement, including all Class Members, for purposes of supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement.

12. The Court approves and directs that all class members, except those who chose to exclude themselves, be mailed, or e-mailed, a Merchandise Certificate of $10.00.

13. The Court hereby approves an award of Class Counsel attorney's fees of $301,834.38 and costs of $7,795.04 to be paid in the manner provided in the Settlement Agreement. This award is not a liability of Defendant except as provided in the Settlement Agreement.

14. The Court further hereby approves an incentive payment of $6,000 to each Plaintiff to be paid as provided in the Settlement Agreement. This payment is not a liability of

Defendant except as provided in the Settlement Agreement.

15. This Action is hereby DISMISSED on the merits and with prejudice.

16. The Court directs the Clerk to enter this Final Order and Judgment.

DATED this 27th day of July 2012.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

**ATTACHMENT 1**

NONE