THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEN RAY CLARK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PAYLESS SHOESOURCE, INC., et al., <br><br> Defendants. | CASE NO. C09-0915-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiffs' motion for an award of attorneys' fees and costs (Dkt. No. 57). Having thoroughly considered the parties' briefing and the relevant record, the Court grants the motion in part and denies it in part for the reasons explained herein.

## I.  BACKGROUND

Plaintiffs Ken Clark and Josh Assing brought this class action against Defendants Payless Shoesource, Inc., Collective Brands, Inc., and SmartReply, Inc. under RCW 80.36.400, which bans the use of automatic dialing and announcing devices ("ADAD") for commercial solicitation, and RCW 19.86 *et seq.*, the Washington Consumer Protection Act. Plaintiffs allege that Defendants made pre-recorded solicitation calls to their phones and those of numerous other Washington residents in violation of the above statutes. (Dkt. No. 17.) Following mediation, the parties agreed to a settlement, and this Court granted preliminary approval of the class action settlement in January 2012. (Dkt. No. 56.) The settlement required Payless to provide $10

merchandise certificates to class members for use at Payless Shoesource stores. (Dkt. No. 61 at 3.) It also required Defendants to pay all settlement administration costs, which exceed $300,000. (*Id.* at 4-5.) Finally, in addition to this relief, the settlement also called for the Court to enter an injunction barring Defendants from making calls to Washington residents using an ADAD in violation of RCW 80.36.400. (*Id.* at 3.) Class counsel place the value of the settlement to the class at $3,190,000, excluding the costs of settlement administration. (Dkt. No. 57 at 20.) The Court has issued final approval of the settlement by separate order.

Class counsel move separately for an award of $790,000 in attorneys' fees, $7,795.04 in costs, and $6,000 incentive awards to each of the named Plaintiffs under the settlement agreement. The fee award is to be paid by Defendants in addition to the class relief and, according to class counsel, "will in no way reduce the relief available to Class members." (Dkt. No. 57 at 6.)

## II. DISCUSSION

District courts must "assess fully" the reasonableness of a fee request included in a class action settlement even if the defendant does not object to the request and the fee award would not reduce class relief. *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 943 (9th Cir. 2011). Where state law governs the underlying causes of action, state law governs the question of attorneys' fees. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). Plaintiffs' counsel cite the mandatory award of attorneys' fees to prevailing plaintiffs under the Washington Consumer Protection Act as the basis for the settlement and the instant motion. (Dkt. No. 57 at 9.) Washington law therefore governs the question of attorneys' fees here.

Washington courts recognize both the lodestar and percentage-of-the-fund methods for determining appropriate attorneys' fees. *Bowles v. Dep't of Retirement Sys.*, 121 Wash. 2d 52, 72-73, 847 P.2d 440 (1993). The lodestar method is generally preferable when calculating statutory attorney fees, whereas the percentage-of-recovery approach is appropriate when the fees will be drawn from a common fund shared with the class. *See id.* at 72; *see also In re*

*Bluetooth*, 654 F.3d at 941 ("The 'lodestar method' is appropriate in class actions brought under fee-shifting statutes.") Under the lodestar method, the district court first multiplies the reasonable hours expended by a reasonable hourly rate to arrive at a lodestar figure. *See Bowers v. Transamerica Title Ins. Co.*, 100 Wash. 2d 581, 597-99, 675 P.2d 193 (1983). The lodestar amount presumptively represents a reasonable fee, but the court may adjust that amount up or down to reflect additional factors. *Id.* at 598. Thus, "occasionally a risk multiplier will be warranted because the lodestar figure does not adequately account for the high risk nature of a case." *Chuong Van Pham v. Seattle City Light*, 159 Wash. 2d 527, 542, 151 P.3d 976 (2007); *see also Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006) ("[O]nly in rare circumstances should a court adjust the lodestar figure, as this figure is the presumptively accurate measure of reasonable fees.").

### A. Calculation of the Lodestar Amount

The first step in the lodestar calculation is to determine the number of hours reasonably expended, for which attorneys must submit documentation. *Bowers*, 100 Wash. 2d at 597. Those hours are then multiplied by a reasonable hourly rate in light of "the level of skill required by the litigation, time limitations imposed on the litigation, the amount of the potential recovery, the attorney's reputation, and the undesirability of the case." *Id.* The Supreme Court has held that "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11, 104 S. Ct. 1541 (1984).

Class counsel have submitted declarations detailing approximately 419 hours of attorney and paralegal time on, *inter alia*, investigation of Plaintiffs' claims, discovery, motions practice, mediation, and settlement negotiation. (Dkt. No. 58, Ex. A.) The Court has reviewed these time entries and finds the time expended on this case to be reasonable.

Class counsel request that the lodestar amount be calculated using hourly rates of $760

for Rob Williamson, $650 for Kim Williams, and a blended rate of $100 per hour for staff time. (Dkt. No. 58 at 7.) Aside from the rate for staff time, the Court does not consider these rates reasonable in light of the factors set forth in *Bowers*. First, this matter did not require that class counsel utilize extraordinary skill or possess uniquely specialized knowledge. Aside from Defendants' motion to dismiss—which was never ruled upon because the parties stipulated to a stay pending mediation—the case presented few novel legal questions or particularly thorny issues. Second, the matter did not require counsel to invest significant amounts of time or resources over the three years during which this case was litigated. Indeed, while the total amount of time expended on this matter was reasonable, counsel spent an average of only 140 hours per year to arrive at the settlement the Court has now approved. Third, while total potential recovery for the class could exceed $3 million, the award of $10 per class member is not substantial, even for matters involving unsolicited ADAD calls in apparent violation of RCW 80.36.400. *See, e.g.*, *Global Educ. Services, Inc. v. Intuit, Inc., et al.*, Case No. C09-0944-RSL (W.D. Wash. August 4, 2011) (settlement of class action under RCW 80.36.400 called for payment of $100 for each pre-recorded message received by class members). The fact that class counsel are undeniably well-qualified, highly regarded practitioners does not overcome these factors.

      The Court is not convinced otherwise by the materials class counsel have submitted in support of their motion. Counsel detail their qualifications but present little evidence of prevailing rates for similar services in the Seattle market, aside from other cases in which courts have approved awards of attorneys' fees in class action settlements. (*See* Dkt. Nos. 58, 59.) Those cases, however, do not uniformly support class counsel's requested hourly rates. For instance, the courts in the *Intuit* case and *Palmer v. Sprint Solutions, Inc.*, Case No. C09-1211-JLR (W.D. Wash. 2011) approved awards of attorneys' fees from common funds using the percentage-of-the-fund method, and they did not closely examine the reasonableness of counsel's

proposed hourly rates.[1] The courts in *Zwicker v. Gen. Motors Corp.*, Case No. C07-0291-JCC (W.D. Wash. 2008), and *Carideo v. Dell, Inc.*, Case No. C06-1772-JLR (W.D. Wash. 2010), approved fee requests involving maximum hourly rates of $650 and $600 per hour, respectively, for Seattle-based attorneys. Notably, each of those cases involved far more attorney time and resources than this case. The same is true of *Grays Harbor Adventist Christian Sch. v. Carrier Corp.*, Case No. C05-5437-RBL (W.D. Wash. 2008) (18,728 hours expended by class counsel on nationwide class action involving allegedly defective furnaces), and *Pelletz v. Weyerhaeuser Co., et al.*, Case No. C08-0334-JCC (W.D. Wash. 2009) (2,407 hours spent by class counsel on investigation and litigation involving allegedly defective wooden decks).

Given the foregoing, the Court concludes that hourly rates of $600 for Mr. Williamson and $515 for Ms. Williams[2] reasonably reflect the level of skill this case required, the investment of time and resources it entailed, and the available evidence of hourly rates approved in other class action settlements. Applying these rates to the hours expended by counsel and staff (205.65 hours by Mr. Williamson, 213.5 hours by Ms. Williams, and 81.25 hours by staff), the Court arrives at a lodestar figure of $241,467.50.

**B.   Application of a Multiplier**

Having determined the appropriate lodestar amount, courts may consider adjusting that amount under two broad categories: the contingent nature of success and the quality of the work performed. *Bowers*, 100 Wash. 2d at 598. To the extent that "the hourly rate underlying the lodestar fee comprehends an allowance for the contingent nature of the availability of fees, no further adjustment duplicating that allowance should be made." *Id.* at 599. Here, class counsel

---

[1] *Frey v. 3PD, Inc.*, Case No. C08-0630 (W.D. Wash. 2011), is similarly inapposite. In support of that settlement, also involving a common fund, class counsel submitted documentation suggesting that their total lodestar amount would have been $1.25 million, but their fee request was for only $393,000, resulting in an average hourly rate of $150.

[2] The difference between these rates preserves the ratio between the rates proposed by class counsel.

ORDER
PAGE - 5

litigated this matter on a contingency basis, which suggests that a multiplier may be appropriate. Nonetheless, even the reduced hourly rates the Court has found reasonable are unquestionably on the high end for the Seattle market—a conclusion that is borne out by the rates proposed for Seattle counsel in the cases class counsel cite. The Court therefore considers that these rates already account for the contingent nature of success to a significant degree, and that the first factor calls for only a minor upward adjustment in the lodestar amount.

The second basis on which the lodestar might be adjusted is to reflect the quality of work performed. The Washington Supreme Court has cautioned that this is "an extremely limited basis for adjustment, because in virtually every case the quality of work will be reflected in the reasonable hourly rate." *Id.* Still, "quality can be a valid enhancer when the representation is unusually good," taking into account the circumstances of the case and the skill required to litigate it. *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wash. 2d 299, 335-36, 858 P.2d 1054 (1993). Here again, nothing suggests that the work performed by class counsel was unusually good, or that the results achieved were significantly better than what would be expected of attorneys who command the hourly rates used to calculate the lodestar amount. As noted above, the $10 award per class member is modest and takes the form of a merchandise certificate that must be spent at Payless Shoesource stores—a prospect that may be unappealing to some class members, particularly given that nearly all products available at Payless stores cost more than $10.[3] Moreover, the "injunctive relief" included in the settlement simply bars Defendants from doing what is already prohibited under Washington law.

Class counsel cite various decisions from district courts in the Ninth Circuit in support of their requested multiplier of 2.6, but they make no effort to draw any parallels between those cases and the instant case. In fact, the non-common fund federal cases cited by class counsel and including lodestar calculations involved multipliers well below 2.6. *See Zwicker*, Case No. C07-

---

[3] *See* www.payless.com.

0291-JCC, Dkt. No. 177 at 7 (multiplier of 1.1); *Carideo*, Case No. C06-1772-JLR, Dkt. No. 145 at 13; Dkt. No. 162 (multiplier below 1.0); *Grays Harbor*, Case No. C05-5437-RBL, Dkt. No. 274 at 5 (multiplier of 1.24); *Pelletz*, Case No. C08-0334-JCC, Dkt. No. 192 at 6 (multiplier of 1.82 reasonable where, *inter alia*, class counsel could expect to spend "hundreds of additional hours overseeing the claims resolution process").

Equally if not more significant is that class counsel do not cite *any* Washington law indicating that a multiplier of 2.6 is warranted here. Decisions of Washington appellate courts suggest otherwise. *See, e.g.*, *Fisons*, 122 Wash. 2d at 336 ("close question" whether multiplier of 1.5 justified in case brought under Consumer Protection Act where trial court found attorney's work of unusually high quality and likelihood of success low); *Bowers*, 100 Wash. 2d at 601 (allowing 50 percent enhancement for contingent nature of success but rejecting further 50 percent enhancement where work was not exceptional); *Bloor v. Fritz*, 143 Wash. App. 718, 752-53, 180 P.3d 805 (2008) (multiplier of 1.2 justified where attorneys spent more than 800 hours on case preparation and completed six-day trial, with several post-trial hearings).

The foregoing suggests that a modest multiplier is warranted to account for the fact that class counsel took some risk in litigating this case on a contingency. The Court therefore applies a multiplier of 1.25 to the lodestar amount, resulting in a total fee award of $301,834.38.

**C.      Costs and Incentive Awards**

Class counsel also seek $7,795.04 in litigation expenses. Pre-settlement litigation costs are recoverable in the context of class action settlement. *See Staton v. Boeing Co.*, 327 F.3d 938, 974 (9th Cir. 2003). Where, as here, the requested costs will be paid in addition to the relief available to the class, reimbursement of reasonable costs is fully in keeping with applicable law. The Court has reviewed class counsel's cost bill and is satisfied that the requested costs are reasonable and recoverable.

The Court also finds that the requested incentive awards of $6,000 to each named Plaintiff are reasonable and warranted. Such awards may be granted in the trial court's

discretion. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000). Here, the named Plaintiffs assumed greater responsibility as class representatives, including by reviewing discovery and undergoing depositions. Incentive awards of $6,000 to each named Plaintiff are reasonable under these circumstances.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion for an award of attorneys' fees (Dkt. No. 57) is GRANTED in part and DENIED in part. Class counsel are awarded $301,834.38 in attorneys' fees and $7,795.04 in costs. Plaintiffs, as class representatives, are each awarded $6,000.

DATED this 27th day of July 2012.

John C. Coughenour
UNITED STATES DISTRICT JUDGE